CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 12 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 7:05-M-00112<br>)   Case No. 7:05-M-00113<br>)           7:05M178 |
| JERRY W. THOMAS,<br>    Defendant. | )  By:  Michael F. Urbanski<br>)         United States Magistrate Judge |

## MEMORANDUM OPINION

This matter is before the court following trial of defendant for three violations arising at the Salem, Virginia Veterans' Administration Hospital ("VA Hospital"). Defendant Jerry W. Thomas was charged with three violations of the Code of Federal Regulations: first, a violation of 38 C.F.R. § 1.218(b)(38), for the introduction or possession of explosives, or explosive devices which fire a projectile, ammunition, or combustibles; second, a violation of 38 C.F.R. § 1.218(b)(37), for the possession of firearms, carried either openly or concealed, whether loaded or unloaded; and finally, a violation of 38 CFR 1.218(b)(1), for improper disposal of rubbish. Following trial, the court found the defendant not guilty of violating 38 CFR 1.218(b)(1) and took the other two charges under advisement.

In an Order accompanying this Memorandum Opinion, the court finds the defendant guilty of violating both 38 CFR 1.218(b)(37) and (38), and sentences him to pay a fine of $15 and a special assessment of $10 for each violation for a total fine of $50.

I

Testimony at trial indicated that defendant had gone to the Salem VA Hospital to visit a friend who was then being treated there. On his way back to his vehicle, a six-door limousine,

defendant attempted to toss two soda cans into a trash container. At that time, defendant was not sure whether or not they went into the can; because he had a cut on his foot and had a catheter installed due to prostate problems, defendant walked away without confirming that they had been placed into a proper receptacle.

A VA police officer witnessed defendant's ostensibly errant toss and followed him to his vehicle. While the officer confirmed that defendant had the proper paperwork, he noticed that there were several boxes of material in the back of it that appeared to be medical material that could have been stolen from the hospital. These boxes were apparently among a host of items defendant, a self-described "flea market fanatic," had collected in his limousine. Defendant consented to have his vehicle searched, tossed the officer his key chain, and directed the officer to search anywhere he liked.

Upon inspecting the packages in the rear of the vehicle, the officer discovered that they had been prescribed to a person other than defendant. This person, in fact, had been the person with whom defendant had been in the hospital visiting. The officer then continued to search the vehicle, including its locked trunk. In the truck, he found a twelve-gauge shotgun (which defendant indicated was useful for shooting snakes) and ten-gauge shotgun ammunition. Defendant testified that this snake gun was an antique, and, as such, had some value for him. Following this discovery, defendant was charged with improper disposal of rubbish (for his allegedly errant shots with the two soda cans) and with the two related firearms charges.

## II

The court deferred finding defendant guilty of the two firearm charges pending a review of the case law under 38 C.F.R. § 1.218(a)(13) and § 1.218(b)(37) and (38). Defendant claimed that the shotgun and ammunition were in his trunk by mistake. He said that he had placed the shotgun into his trunk after his sister returned it to him and that in part because of his medical condition, he had forgotten to take it out of the vehicle. Similarly, the ammunition had been part of a Christmas present from his son. He also did not remove it from the vehicle prior to visiting the VA Hospital. It was of a caliber different than that of the snake gun, and there was no ammunition for the snake gun in the car. Nevertheless, the court's review of the relevant regulations and federal case law indicates that defendant must be found guilty.

The regulations prohibit the following:

> (A) (13) Weapons and Explosives. No person while on property shall carry firearms, other dangerous or deadly weapons, or explosives, either openly or concealed...
>
> (B) (37) Possession of firearms, carried either openly or concealed, whether loaded or unloaded (except by Federal or State law enforcement officers on official business)... [and]
>
> (B) (38) Introduction or possession of explosives, or explosive devices which fire a projectile, ammunition, or combustibles [into a Veterans' Administration facility]....

In <u>Muscarello v. United States</u>, 524 U.S. 125, 126-27 (1998), the Supreme Court held, albeit in a different context, that the term "carries" a firearm includes instances where a person knowingly possesses and conveys firearms in a vehicle. In <u>Muscarello</u>, the defendant was found to have "carried" a firearm, following being charged with unlawfully selling marijuana, because a handgun was found locked in his glove compartment. <u>Id.</u> at 127. In a companion case,

Case 7:05-po-00112-mfu   Document 3   Filed 04/12/05   Page 3 of 4   Pageid#: 4

defendants were charged with carrying a firearm when it was found in the locked trunk of a car. Id.

Given this precedent, it is clear that defendant is guilty of violating the federal regulations regarding carrying a firearm and ammunition on the VA Medical Center in Salem. As such, by accompanying Order, defendant is adjudged guilty on these two counts. Given that the gun and ammunition were only two items among the trove of flea-market detritus present in the six-passenger limousine, that the ammunition did not even fit the gun, and that defendant's possession was entirely innocuous, the Veteran's Affairs police are directed to return the twelve-gauge snake-gun to defendant away from VA property.

By Order entered into this 12 day of April, 2005.

By: _____
Michael F. Urbanski
United States Magistrate Judge

4